UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TANNOUS BACHIR,

                Petitioner,

        -against-

COSTCO WHOLESALE CORPORATION
AND PJ VENTURE COST, LLC,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
19-CV-2834 (JMA) (AKT)

**FILED
CLERK**

2:59 pm, Sep 29, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Jason Firestein
Zlotolow & Associates
270 West Main Street
Sayville, NY 11782
    *Attorney for Plaintiff*

Sal F. DeLuca
Michael Lamendola
Simmons Jannace DeLuca, LLP
43 Corporate Drive
Hauppauge, NY 11788
    *Attorney for Defendants*

**AZRACK, United States District Judge:**

Plaintiff Tannous Bachir ("Plaintiff") brings suit against defendants Costco Wholesale Corporation and PJ Venture Cost, LLC ("Defendants") for injuries he sustained on March 8, 2018 when he fell in front of a Costco. Pending before the Court is Defendants' motion for summary judgment, (ECF No. 21), which the Court **DENIES** for the reasons set forth in more detail below.

**I.    BACKGROUND**

The following facts are taken from the parties' pleadings, their Statement of Material Facts Pursuant to Local Rule 56.1, and the exhibits cited in and annexed to their papers. These facts are undisputed unless otherwise noted.

1

At approximately 10:30 a.m. on March 8, 2018, Plaintiff was injured in front of the Costco store located at 10 Garnett Place in Commack, New York. The accident took place on a portion of concrete sidewalk located to the left of the front entrance and exit doors, which the parties refer to as "the landing" in their papers. This area is used for storing shopping carts. Plaintiff claims that the landing contained some mixture of snow, slush, and ice, which he says caused him to fall.

Over the course of the day and night preceding the accident, approximately seven inches of snow fell in the area. Climatological data from approximately ten miles away from the store showed that a mixed precipitation event featuring snow and ice pellets tapered off at approximately 3:00 a.m. on the morning of the accident.

While Costco's outside vendor was responsible for clearing the parking lot and the access road located between the parking lot and the front of the store, removal of snow and ice from the front sidewalk, including the landing, was the responsibility of Costco employees. The vendor performed snow removal services on the night of the storm from 6:00 p.m. to 10:00 p.m. and then returned on the day of the accident to perform additional removal from 7:00 a.m. until 12:00 p.m. Mr. Christopher Henze, the Assistant Warehouse Manager on the day of the accident, testified that he saw no snow or ice on the sidewalk or landing when he inspected the area at 9:00 a.m. Mr. James Darrigo, a sales associate who observed Plaintiff on the ground after his accident, testified at his deposition that he could not recall the weather conditions or presence of snow at the scene.

Plaintiff arrived at the store shortly after it opened at 10:00 a.m. and parked in a spot reserved for people with disabilities, due to a prior back injury. Plaintiff testified that when he exited his vehicle, he could see the landing from his parking spot, but claims that he did not see any snow, slush, or ice conditions in that specific area. While walking to the store, Plaintiff observed approximately six to eight rows of shopping carts stored inside of each other on the

landing. He testified that two or three of the rows closest to the parking lot were blocked by piles of snow pushed up along the curb and partially onto the landing.

Plaintiff selected a cart from the end of the first row of carts that was unobstructed by snow and located closest to the road. He placed both of his hands on the handle of the shopping cart and pulled it back from the remaining carts by taking two or three steps backwards. While walking backwards, he turned the cart to the right towards the entrance doors and stepped onto the side of a snow pile that was in front of the adjacent row. Plaintiff suggests that the size of this section of snow was approximately the width of a cart.

Plaintiff claims that he slipped and fell when he stepped backwards and hit the snow pile because his leg slid out from underneath him. He recounts that his foot then slipped, causing him to fall onto the ground. Plaintiff alleges that he struck his head on the metal support rod at the bottom of the cart located in the adjacent row towards his left.

Plaintiff testified that unknown Costco employees responded to him outside on the landing and assisted him into the store vestibule. During his deposition, Plaintiff used the phrase "passed out" to describe what happened to him that day. Mr. Henze testified that Plaintiff also used this same phrase immediately after the accident when he spoke with Plaintiff. According to Mr. Henze, during that conversation, Plaintiff did not mention snow or ice. However, Plaintiff claims in his Rule 56.1 Statement that he used the phrase "passed out" in the "colloquial" sense due to his limited education and understanding of the English language.

Plaintiff also testified that after the accident, Costco employees began to clear the landing of snow and ice. Defendants deny this allegation and cite surveillance video from after the accident which they claim does not depict any such snow removal efforts by Costco employees.

3

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating that "no genuine issue of material fact exists." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).

"An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 97 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "When ruling on a summary judgment motion, [the Court] must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

### B. Negligence Standard

To succeed on a negligence claim under New York law, Plaintiff must prove: "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002).

As to the first element, all landowners have "a duty to maintain [their] premises in a reasonably safe manner." Zhuo Zheng Chen v. City of New York, 106 A.D.3d 1081, 1081 (2d Dep't 2013). The question as to whether a duty of care exists is usually a question of law for the court to resolve. Palka v. Servicemaster Mgmt. Serv. Corp., 83 N.Y.2d 579, 585 (1994). Here, there appears to be no dispute that Costco owed Plaintiff a duty to maintain its premises in a

4

reasonably safe manner. The finder of fact typically determines the other two elements of negligence: whether the duty was breached and, if it was, whether the breach proximately caused a plaintiff's injury. Id.

### C. Application

Defendants raise three arguments in support of summary judgment: (1) the condition causing Plaintiff's accident was open and obvious, not inherently dangerous, and readily observable; (2) Plaintiff was the sole proximate cause of his own accident; and (3) the storm in progress doctrine applies. The Court addresses each argument in turn.

1. Open and Obvious Condition

Though Defendants "categorically den[y] that any snow was present on the landing at the time of plaintiff's accident," when taking the facts in a light most favorable to Plaintiff for purposes of the motion, Defendants accept that some combination of snow, ice, and slush was on the landing. (ECF No. 21-17 at 6.) Nonetheless, Defendants argue, summary judgment is warranted because any such condition "was open, obvious and posed no danger to plaintiff if he had exercised reasonable care." (Id.)

"A landowner has no duty to warn of an open and obvious danger." Tagle v. Jakob, 97 N.Y.2d 165, 169 (2001). "'For a condition to be open and obvious as a matter of law, it must be one that could not be overlooked by any observer reasonably using his or her ordinary senses.'" Niles v. 1109-1113 Manhattan Ave. Partners, LLC, No. 13-CV-5427, 2015 WL 6674833, at *2 (E.D.N.Y. Oct. 30, 2015) (quoting Garrido v. City of New York, 779 N.Y.S.2d 208, 209 (1st Dep't 2004)). However, "[t]he Second Circuit and New York courts have recognized that the fact that an allegedly hazardous, defective, or dangerous condition may be open and obvious does not in and of itself bar liability." Id. The Court can only grant summary judgment

5

if it finds that the condition complained of was "both open and obvious and, as a matter of law . . . not inherently dangerous." Cupo v. Karfunkel, 1 A.D.3d 48, 52 (2d Dep't 2003) (emphasis added).

While Defendants accept for purposes of this motion that there was a snow, ice, and slush condition present on the landing, there are still unresolved "issues of fact for the jury to decide concerning the extent of that condition, and whether it did indeed constitute 'open and obvious' hazard." Koch v. McConnell Transp. Ltd., No. 13-CV-3016, 2015 WL 3470182, at *5 (E.D.N.Y. May 29, 2015). The only details as to the condition come from Plaintiff's deposition testimony because all the other witnesses either deny or were uncertain as to whether such a condition existed. Plaintiff's recollection alone does not allow the Court to determine as a matter of law that the snow, ice, and slush condition was open and obvious. Whether a condition is open and obvious is typically a fact-specific inquiry, and "thus usually a jury question." Tagle, N.Y.2d. at 169 (internal citations omitted). If there is "clear and undisputed evidence," however, the Court may make a determination that "a risk was open and obvious as a matter of law." Id. Without "clear and undisputed evidence" in the record currently before the Court, however, the Court cannot, at this juncture, determine as a matter of law that the snow and ice condition was open and obvious.

Furthermore, even if the Court did find that the condition was "open and obvious," this finding would not necessarily entitle Defendants to summary judgment. This is because "[i]n cases like this one, involving allegations that a landowner breached its duty to maintain its property in a reasonably safe condition, a determination that the condition was 'open and obvious' is 'relevant to the issue of the plaintiff's comparative negligence;' it 'does not preclude a finding of liability against a landowner.'" Pera v. Lopez, No. 14-CV-2281, 2016 WL 4688868, at *2 (S.D.N.Y. Sept. 7, 2016).

6

Relatedly, Defendants' argument that the condition was avoidable and that "had Plaintiff acted reasonably, he could have avoided it any number of ways," (ECF No. 21-17 at 9), goes to Plaintiff's comparative negligence rather than Defendants' liability. Even if the jury credits Defendants' theory at trial and finds that Plaintiff did have the opportunity to avoid the snow, ice, and slush, such a finding does not preclude the jury from also finding that Defendants failed to maintain the property in a reasonably safe manner and that the snow pile should have never existed on the property in the first place.

Additionally, even if the Court were to find that the condition was open and obvious, Defendants would still fail to meet the next step in the analysis, as they have not demonstrated that the condition was not inherently dangerous as a matter of law. While a determination as to inherent dangerousness "is generally a question of fact for the jury," a court is able to "conclude that no issue of fact has been presented after examining the width, depth, elevation, irregularity, and appearance of the defect along with the time, place and circumstance of the injury." Niles, 2015 WL 6674833, at *4. The record lacks this level of detail regarding the accident scene. Thus, the Court could not make such a determination as a matter of law, even if it reached this question.

Consequently, based on the number of unresolved factual issues at this juncture, the Court cannot, as a matter of law, determine whether the snow, ice, and slush condition on the landing was open and obvious and not inherently dangerous—findings necessary to warrant a grant of summary judgment.

2. Proximate Cause

Defendants next argue that "[e]ven if the Court finds that a dangerous condition existed, dismissal is still warranted as plaintiff's own actions were the sole proximate cause of his accident." (ECF No. 21-17 at 11.) Though Defendants concede that "foreseeability and proximate cause are

7

generally questions for the factfinder," they nonetheless claim that this case is an instance where "proximate cause can be determined as a matter of law because only one conclusion may be drawn from the established facts." Id. (quoting Hain v. Jamison, 28 N.Y. 3d 524, 528 (2016)).

Specifically, Defendants again argue that Plaintiff invited danger by not avoiding the snow, ice, and slush condition and clearly disregarded other accessible and safer avenues of travel. (ECF No. 21-17 at 13.) Relatedly, Defendants argue that Plaintiff's decision to walk backwards onto the snow pile is fatal to his case, as he "only has himself to blame for his own accident." (Id.)

Again, the question as to whether other routes were available, feasible, and safe is a factual matter that the finder of fact must resolve at trial. In addition, the answer to this question relates to the issue of Plaintiff's comparative negligence. It does not resolve the matter currently before the Court: whether, as a matter of law, the Court can determine on summary judgment that Defendants did not breach their duty to maintain a reasonably safe premises. The question remains unresolved as to if Defendants breached their duty by allowing a snow, ice, and slush condition to develop on the landing. Without an answer to this question, summary judgment is inappropriate.

3. Storm-in-Progress Doctrine

Defendants' third and final argument is that if the Court accepts Plaintiff's recounting of events that there was a snow, ice, and slush condition on the landing, then the "storm-in-progress" doctrine applies and warrants summary judgment. This doctrine provides that "a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm." Fisher v. Kasten, 124 A.D.3d 714, 715 (2d Dep't 2015) (quoting Rabinowitz v. Marcovecchio, 119 A.D.3d 762, 762 (2d Dep't 2014)). "[A] landowner's obligation to take reasonable measures to correct

8

storm-created snow and ice conditions does not commence until after the storm has ceased." Hall v. United States, No. 18-CV-49, 2020 WL 759045, at *4 (N.D.N.Y. Feb. 14, 2020).

At the summary judgment stage, a defendant asserting the storm-in-progress doctrine must show "prima facie entitlement to judgment based on that defense and, if that burden is met, the opponent of the motion must come forward with competent, admissible evidence, establishing the existence of a triable issue of fact." Sanders v. Wal-Mart Stores, Inc., 9 A.D.3d 595 (3d Dep't 2004). Then, "the burden shifts to the plaintiff to raise a triable issue of fact as to either: (1) the existence of the storm; or (2) the existence of a slippery condition prior to the storm at the location where the plaintiff fell, and that the defendant had actual or constructive notice of the pre-existing condition." Hall, 2020 WL 759045, at *4.

Defendants have not sustained their burden. The record is undisputed that precipitation ceased at 3:00 a.m.—over seven hours before Plaintiff's accident at 10:30 a.m. There is no indication that the storm, which produced seven inches of snow, was extreme enough to warrant application of the doctrine over seven hours later. Indeed, none of Defendants' witnesses even testified to the presence of snow on the landing—let alone that it was severe enough that it could not have been cleared seven hours after snow stopped falling. Consequently, this argument fails.

### III.   CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' motion for summary judgment.

**SO ORDERED.**

Dated: September 29, 2021
      Central Islip, New York                            /s/ (JMA)
                                                        JOAN M. AZRACK
                                                        UNITED STATES DISTRICT JUDGE